AGNES PIER, APPELLANT, V. ANTHONY CAULEY ET AL.,
APPELLEES.

FILED APRIL 3, 1915.   No. 18023.

Pleading: PETITION: JOINT DEMURRER.  A petition which charges con-
current and inseparable acts of negligence, which result in in-
jury to the patient, against two physicians charged with the care
and treatment of the patient, *held* good as against a joint demur-
rer.

APPEAL from the district court for Platte county:
GEORGE H. THOMAS, JUDGE.  *Reversed.*

*R. P. Drake* and *Allen & Dowling,* for appellant.

*A. M. Post* and *Albert & Wagner, contra.*

MORRISSEY, C. J.

From the judgment of the district court for Platte county
sustaining a demurrer to her petition and dismissing her
action, plaintiff appeals.   Plaintiff alleges that at all of the
dates mentioned in her petition defendant Cauley was a
practicing physician and surgeon at Humphrey, Nebraska,
and the defendant Allenberger was a practicing physician
and surgeon at Columbus, Nebraska; that there was an ar-
rangement, agreement and understanding between the two
whereby Cauley, when called in surgical cases, should
call Allenberger to aid and co-operate with him in the
treatment and care of his patient, and he should charge his
patient for the services of each; that on August 3, 1911, the
plaintiff, a young woman 18 years of age, met with an ac-
cident whereby her leg was broken below the knee; that
the fracture caused an incision of the skin to such an ex-
tent that the bones protruded from the wound, and dirt
and foreign substances were admitted therein.  She being
young and inexperienced, and so disabled that she was
unable to act for herself, her parents on her behalf called
the defendant Cauley in his professional capacity, as the
petition alleged, "to treat and care for said wound and in-

jury, and the said Anthony Cauley for reward within an hour after said injury arrived at the home of the plaintiff and entered upon and took charge of the plaintiff as his patient with reference to her treatment for said injury; but that said Anthony Cauley negligently and unskilfully omitted to cleanse or remove from said wound said dirt and foreign substances, and negligently and unskilfully failed to properly care for or treat said wound or injury, or reset said broken bones, but on the contrary, and without the knowledge of the plaintiff or of her said parents, negligently and unskilfully permitted said dirt and foreign substances to accumulate and remain in said wound or injury, and, in addition thereto, insisted and urged the plaintiff's parents to cause the removal of the plaintiff at once to a hospital in the city of Columbus, Nebraska, where the defendant Christian A. Allenberger pursuant to said arrangement, agreement and understanding between himself and the said Anthony Cauley, was, by the said Anthony Cauley, called to and came to the bed-side of the plaintiff to care for and aid the said Anthony Cauley in the care of and the treatment for the said injury, and the plaintiff and her parents, being desirous of having a successful treatment of said wound and injury and having confidence in said Anthony Cauley, at once accompanied the plaintiff and the said Anthony Cauley to said city of Columbus, and then and there consented to the said Christian A. Allenberger so coming into the case to treat or aid in the treatment thereof and to perform or aid in the performance of such medical and surgical attendance and treatment as seemed to be necessary, and the said Christian A. Allenberger, did then, pursuant to said arrangement, agreement and understanding between himself and the said Anthony Cauley, assist in the treatment of said case at said time, with the knowledge and consent of the said Anthony Cauley, and pretended to treat and care for the same. * * * That the defendant Christian A. Allenberger with the knowledge and consent of the defendant Anthony Cauley, and pursuant to said arrangement, agree-

ment and understanding with him, continued to unskil-
fully and negligently treat the plaintiff for said injury
for a period of over nine weeks." It is further alleged
that, as soon as plaintiff's parents learned her true con-
dition, and of the alleged negligent, unskilful, careless and
incompetent treatment, they took her to another surgeon,
who amputated her leg, said amputation being necessary
to save her life, and that this step was made necessary by
the "negligence, unskilfulness and carelessness of said de-
fendant." The petition contains the usual allegations of
damages and prays judgment.

To this petition defendants filed a joint demurrer on
the following grounds: "The several causes of action
therein stated are improperly joined. There is a mis-
joinder of parties defendant. There is a defect of parties
defendant." The demurrer was sustained and the action
dismissed.

It is contended by defendants that the petition states
two causes of action, one for alleged wrongful acts and
omissions of Dr. Cauley, for which he alone is liable, and
another for alleged wrongful acts and omissions of Dr. Al-
lenberger, for which he is liable, either exclusively, or
jointly with Dr. Cauley.

Our Code provides that its provisions and all proceed-
ings under it shall be liberally construed, with a view to
promote its object and assist the parties in obtaining jus-
tice. The demurrer in effect admits the truth of all of the
allegations of the petition, and it will be noted that the
petition alleges that each defendant at the time of the in-
jury was a physician and surgeon; that they "had an ar-
rangement, agreement and understanding with each other
whereby in cases where the defendant Anthony Cauley was
called in his professional capacity to attend and treat a
patient for a wound or physical injury of any kind, and
particularly where he was called in a case which needed or
required a surgical operation or treatment, he was to call
the said defendant Christian A. Allenberger in consulta-
tion and to aid and co-operate with him in said treatment
and operation and was to charge his patient for the serv-

ices of each of said defendants." The effect of this agreement was to create a limited partnership. No separate cause of action is necessarily stated against Cauley, because the acts of negligence charged were continuing acts, beginning with his first failure to cleanse the wound, and extending throughout the time that the patient was under the care of himself and his special partner, Allenberger. It is clearly alleged that the damage resulted from the unskilful and negligent care and treatment furnished by these defendants.

Counsel for defendants have cited a number of authorities in support of their contention that the petition states two causes of action, one for the wrongful acts and omissions of Dr. Cauley while acting alone, and another for the acts and omissions of the two doctors while acting jointly; but in the cases cited there was no concerted action between the different defendants, but each of the wrongdoers acted independently of all others, although the effect of what they did merged and produced the injury. If defendants acted separately, each independently of the other, there being no concert of action between the two, there would be no joint liability; but if their acts are concurrent and inseparable, and, taken together produced the injury alleged, they are jointly liable therefor.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J., dissents.

SEDGWICK, J., not sitting.